E. N. MOWATT, Appellee, v. BANK OF FREDERIKA et al., Appellees; SAM V. NORMAN, Receiver, Appellant.

**TRUSTS:** Enforcement—Dissipation of Fund—Effect. An affirmative
1 showing that a trust fund was entirely dissipated by the insolvent trustee prior to the appointment of a receiver necessarily destroys all right to an equitable preference in the payment of the fund by the receiver.

**BANKS AND BANKING:** Deposits—Non-preference as to Private
2 Banks. The statutory right of *depositors* in insolvent incorporated banking institutions to be *first* paid, in preference to general creditors, does not apply to depositors in *private* banks.

**Headnote 1:** 34 Cyc. 346 (Anno.) **Headnote 2:** 7 C. J. p. 748.

*Appeal from Bremer District Court.*—M. F. EDWARDS, Judge.

DECEMBER 13, 1927.

An action to establish a claim as preferred in a receivership. The district court established the claim as preferred, and the receiver appeals.—*Reversed and remanded.*

*F. P. Hagemann,* for appellant.

*Sager & Sweet,* for appellee.

ALBERT, J.—Charles Golding was a resident of the town of Frederika, in Bremer County, Iowa, at the time in controversy herein. He was engaged in various enterprises in said county,

1. TRUSTS: enforcement: dissipation of fund: effect.

among which was the conducting of a general store, doing an extensive business, and operating a private bank which he owned and operated under the name of Bank of Frederika. In addition to such activities, he was postmaster of the town, and also conducted agricultural operations to a considerable extent.

On the 10th day of January, 1925, the claimant herein, W. H. Sagebarth, and his sons being indebted in several amounts to the Bank of Frederika, and wishing to place his indebtedness in one place, made application through Charles Golding to the Collins Mortgage Company of Cedar Rapids for a loan of $10,000. This application was forwarded and accepted, and in due time the loan was made, and a draft for $10,000 was sent by the Collins Mortgage Company to Golding.

The indebtedness of Sagebarth and sons to the bank consisted largely of promissory notes and overdrafts. Some of these notes had been hypothecated by the Frederika Bank, and were not in its hands at the time this money came in. By a calculation made by the joint effort of the attorneys, it was found that, after certain amounts had been properly paid out of this $10,000, there was still due Sagebarth the sum of $4,804.-79, and there were certain notes in the bank which were satisfied, to the possession of which Sagebarth was entitled.

On June 5, 1925, Golding was in financial distress, and an application was made for the appointment of a receiver, which was granted, and Sam V. Norman was appointed receiver of all of Golding's property. He took possession of the property, and reported to the court that, among other things that came into his hands from Golding's business and the bank, was $621.62, and that that was all of the cash he received at the time he became receiver. Since his appointment, he has liquidated part of the assets, and has now on hand something over $30,000.

On these facts, claimant says he is entitled to a preferred claim against the assets in the hands of the receiver.

We will assume, for the purposes of this case, that the claimant has established a trust relation; but this is not sufficient to entitle him to a preferred claim. He must go a step further, and show that his funds are traceable in the common fund that came into the hands of the receiver on his appointment. We have pronounced this rule so often within the past year that it needs no citation to support it. Suffice it to say that the evidence in the case does not establish this fact.

Further than this, the evidence in the case fairly shows that, when this draft for $10,000 was received by Golding, he deposited the sum in the bank at Tripoli, and shortly thereafter checked the same out to a contractor who was building a school-

house in that town (Golding was the president of the school board). If we assume that the claimant in the first instance made out a prima-facie case for a preference, yet, under the record, the funds that came from the proceeds of this loan are shown to have been dissipated long before the appointment of a receiver. This being true, it is apparent that the claim was not entitled to a preference, and should have been allowed as a general claim against the receiver.

To the end that we may not be misunderstood (this case being with reference to a private bank), we will say that the statute and rules heretofore announced with reference to the rights of depositors who have a superior claim to that of general creditors have no application, and Sagebarth has the same status as any other creditor of Golding's to participate *pro rata* in the assets of his estate to be distributed by the receiver.— *Reversed and remanded.*

2. BANKS AND BANKING: deposits: nonpreference as to private banks.

EVANS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.